United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Tammy Sarmiento, | § | |
|         Plaintiff, | § | |
| versus | § | Civil Action H-15-1943 |
| Metropolitan Life Insurance Company, et al., | § | |
|         Defendants. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

A worker sued her employer's benefit plan for wrongful denial of benefits and attorney's fees under ERISA, 29 U.S.C. § 1332. The Plan says that the worker no longer qualifies for benefits. She will take nothing.

2. *Background.*

American Airlines has a long-term disability benefits plan for its employees. The Plan is funded through voluntary employee contributions. The Pension Benefits Administration Committee administrates second-level appeals.

The Plan automatically ends long-term disability benefits (a) when the employee is no longer totally disabled as defined by the Plan and (b) after twenty-four months if the disability is for a mental-health disorder.

Tammy Sarmiento worked as a staff assistant for American Airlines. On August 10, 2011, she stopped working because she was having short-term memory loss. She was diagnosed with encephalopathy, major depressive disorder, and frontal lobe syndrome. Encephalopathy is a general term for abnormal brain functioning that may cause an array of non-uniform symptoms, including memory loss and behavioral changes. Under the Plan, it is a physical condition. She applied for and received short-term and long-term disability benefits.

While on disability, Sarmiento went to several doctors who prescribed medicine for her ailments, including steroids for the encephalopathy. Alterations in her medications caused her symptoms to vary. In 2013, three of her doctors – Hart, Flores, and Woon – determined that she had an essentially normal profile. An electroencephalography also showed normal results for her brain's physical condition.

While the steroid treatments improved her brain's conditions, they also might have caused her to develop her present obsessive-compulsive disorder. One of her doctors said that that disorder prevents her from being able to do the work she had done at American Airlines, while others said that they had no concerns from a cognitive standpoint with her intention to return to work.

In January 2014, the Plan terminated her long-term disability benefits. She appealed. She submitted a letter from Hart dated June 24, 2014, in which he represents that the worker's obsessive-compulsive disorder is a residual deficit from her encephalopathy. He adds that it is extremely debilitating and precludes her from working in any job; however, he did not include new objective medical data to support his changed opinion. This is one among several of Hart's inconstant opinions. The claims processor determined that Hart's letter did not substantiate the worker's claim of total disability.

She appealed again. The Plan denied her appeal because she is not totally disabled. It found (a) she no longer had a physical disability and (b) she had used the maximum amount of benefits – twenty-four months – for a mental disability. This case is the appeal of that decision.

3.   *Standard.*

To avoid abusing its discretion, the Plan's decision must not be arbitrary or capricious. It abuses its discretion if its decision does not have a rational connection to the known facts. The Plan has the authority to interpret and construe its terms and conditions. It is not arbitrary or capricious to choose one doctor's professional opinion over another.[1] If the Plan's decision is reasonable based on the administrative record, the reviewing court may not overrule it.

---

[1] *Black & Decker Disability Plan v. Nord*, 538 U.S. 825 (2003).

4. *Total Disability.*

For the first twenty-four months of benefits under the Plan, an employee is totally disabled if she is not gainfully employed and is unable to perform the duties of her own occupation. After this, an employee is totally disabled only if she is unable to perform the major duties of *any* occupation for which she is reasonably qualified by training, education, and experience.

Long-term disability benefits automatically end when the worker no longer meets the Plan's definition of total disability.

5. *Condition.*

The worker asserts that the Plan denied her benefits because it wrongfully classified her primary disability as a mental condition, and, therefore, she was only entitled to twenty-four months of benefits. Because her obsessive-compulsive disorder is a residual deficit from her brain encephalopathy – a physical condition – she insists that her current disability cannot be classified as mental.

Her condition is mental, not physical. If a worker were to develop insomnia as a result of taking medication that treated and cured an ulcer, the insomnia would be a mental condition despite the fact that it was created by a drug for the physical condition.

Ultimately, it does not matter whether it is a mental or physical condition; the Plan has determined that the worker does not meet the requisite definition of totally disabled either way. No current objective evidence suggests that the worker is *presently* suffering from a physical condition, let alone a physical condition that inhibits her from performing the major duties of any job for which she is reasonably qualified. Even if the administrative record showed that she had a disabling mental condition, her time has run for such benefits. She cannot be awarded benefits for either classification at this time.

The Plan did not abuse its discretion in denying Sarmiento continued benefits. The decision not to extend her benefits after reviewing the reports of her significant improvement and her normal electroencephalography was substantially supported by the administrative record and was well within the legal range of reasonableness required.

6. *Conclusion.*

Our review of the Plan's review of the administrative record is that its decision was reasonable, although reasonable minds may differ. The Plan did not abuse its discretion because its decision was substantiated by an administrative record full of medical data. The Plan's decision is affirmed. Sarmiento will take nothing from American Airlines.


Signed on July 13, 2016, at Houston, Texas.


*[signature]*

Lynn N. Hughes
United States District Judge